KRAEMER & CO. *v.* UNITED STATES (No. 1247).[1]

SHEETS OF ILLUSTRATIONS IMPORTED SEPARATELY.

These illustrations were imported for use as pages of a magazine, but came in separately from the text of the magazine. Paragraph 634, tariff act of 1909, granted free entry to "periodicals," but this provision does not extend to parts of periodicals imported alone. They were properly assessed as "prints not lithographed on surface-coated paper," paragraph 411, tariff act of 1909.

United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33121 (T. D. 33660).
[Affirmed.]

*John J. Kirby* for appellants.

*William L. Wemple*, Assistant Attorney General (*Henry H. Childers*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present merchandise consists of 70,000 illustrations printed in colors upon individual sheets of surface-coated paper of the same

---

[1] Reported in T. D. 34099 (26 Treas. Dec., 97).

size as the pages of certain standard magazines. The illustrations were imported for use as pages of a magazine named the "International Studio," which is published in this country.

The collector assessed the illustrations with duty at 5 cents a pound and 30 per cent ad valorem as "prints not lithographed, on surface-coated paper," under paragraph 411 of the tariff act of 1909.

The importers protested, claiming free entry of the importations under the provision for "periodicals" contained in paragraph 634 of that act.

The protest was submitted on evidence to the Board of General Appraisers and was overruled. The importers now appeal from that decision of the board.

The following is a copy of paragraph 634, under which the importers claim free entry of the merchandise, and also of the relevant part of paragraph 411, under which the assessment in question was made:

(Free list.)

634. Newspapers and periodicals; but the term "periodicals" as herein used shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of entry, devoted to current literature of the day, or containing current literature as a predominant feature, and issued regularly at stated periods, as weekly, monthly, or quarterly, and bearing the date of issue.

(Duty list.)

411. Papers with a coated surface or surfaces, * * *; printed matter other than lithographic, * * * five cents a pound and thirty per centum ad valorem; * * *

The sole question involved in the present case is whether the importations at bar are governed by the provision for periodicals contained in paragraph 634; for if they do not come within that provision they would clearly be dutiable under paragraph 411, as assessed.

It appears from the testimony that the International Studio is a magazine which comes within the definition of a periodical as given by paragraph 634. It is a paper-covered publication, devoted to the current art literature of the day, or containing such current literature as a predominant feature; it is issued monthly and each copy bears the date of its issue. It also appears that two concurrent editions of the magazine are issued each month, one in England and the other in this country. The American edition is made up of pages which are identical with those composing the English edition, combined, however, with certain additional pages relating particularly to American art which are printed for that purpose in this country. The English pages which go into the American edition are printed abroad and are imported into this country in the form of flat, uncollated, and unfolded sheets. These consist in part of reading matter and in part of illustrations in colors, such as are involved in the present case. The pages which contain reading matter are numbered with Arabic numerals, the same as are those of the English edition. The illustrations, however, are not numbered in either edition; and the addi-

tional pages printed in this country bear Roman numerals not in series with the imported pages.

It is stated in the testimony that during the past 15 years the importers have continuously imported such printed and illustrated sheets, shipped together, for their magazine; and that all the time such importations were passed free of duty under the provision for periodicals in the tariff acts of 1897 and 1909. In the present instance, however, owing to a labor strike in Liverpool, the cases containing the illustrations of the English edition were separated from those containing the reading matter, and each class of articles arrived and was entered separately. The printed sheets containing the reading matter, thus separately arriving, were given free entry by the collector, under the classification of periodicals, but the illustrations were refused free entry under that name and were assessed with duty under the title of printed matter, as above stated. The illustrations in question were imported in July, 1912, and were intended for the August, 1912, number of the magazine. As has been stated, the illustrations bear no date or page numbering; they coordinated in subject, however, with the printed articles which were also intended for the August number, and in fact both the illustrations and the reading matter afterwards appeared together, combined with the usual additional American pages, in the August, 1912, number of the magazine.

Under the foregoing statement the court is not required in the present case to determine whether the practice of admitting the English sheets free of duty under the provision for periodicals was correct or not, for it is clear that in any event the illustrations, if imported alone, can not be called periodicals within the statutory definition of that term. Taken alone they contained no literature of the day, they bore no date of issue, nor were they intended for separate publication. It is also true that while they were peculiarly suitable for use in connection with the August, 1912, number of the Studio magazine and were intended for use as part of that edition, and that similar illustrations were to appear concurrently in the English edition of the same number, nevertheless the imported illustrations were not incapable of other uses. Therefore the present importations must rest their claim for free entry either upon the theory that they were parts of periodicals and as such parts were within the provisions of paragraph 634, or that the separate entries of reading matter and illustrations, under the circumstances, should be construed to be a single entry of both materials and considered together with reference to the application of the paragraph in question.

The court, however, can not adopt either of these views. Paragraph 634 grants free entry to "periodicals," but this provision for

periodicals does not extend the same right to parts thereof if imported alone. This principle is so well established as to require no elaboration. Robertson *v.* Gerdan (132 U. S., 454); United States *v.* Schoverling (146 U. S., 76); Vandegrift case (T. D. 30272 and cases therein cited). Nor was the collector required or authorized to inquire into the circumstances of the separate entry of the present merchandise in order to learn whether such merchandise had been shipped or intended to be shipped together with certain other merchandise as a means of determining the dutiable status of the separate importation. No authority is cited by counsel in support of such a contention, and the confusion of administration which would attend upon such action by the collector seems to be sufficient reason for assuming that no such authority exists.

The decision of the board is therefore *affirmed.*