## PETRY CO. *v.* UNITED STATES (No. 1383).[1]

Unbound photomechanic reproductions of paintings, having descriptive titles appearing severally in the German, French, and English languages, accompanied by an index, but intended to be completed before being bound or published by the addition of a preface in English, which would constitute English the predominant language, held not so far a completed entity as to warrant their introduction as books published chiefly in a foreign language.—The case of Macmillan Co. *v.* United States (116 Fed. 1018), distinguished.

These productions are held dutiable as assessed under paragraph 416 of the act of 1909.

### United States Court of Customs Appeals, February 23, 1915.

APPEAL from Board of United States General Appraisers, Abstract 34932 (T. D. 34219). [Affirmed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Harry M. Farrell*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importation in question consists of unbound photomechanic reproductions of famous paintings. A separate volume is devoted

---

to each artist, the series reproducing the works of such masters as Correggio, Donatello, Murillo, Rembrandt, Michelangelo, and others (22 in all). The printed matter consists of English, German, and French. Under each picture occurs in the English, French, and German languages a statement as to where the original is hung and a brief history of the picture, as "Fray Lauterio before the Madonna, St. Francis and St. Dominic." Upon the first flyleaf of the volume submitted as a sample is a list of the series, the descriptive matter being in German and the names being mostly foreign. Upon the second flyleaf occurs the word "Murillo" on the one side, and on the reverse side the following:

Klassiker der Kunst
in Gesamtausgaben

Zweiundzwanzigster Band

MURILLO

Stuttgart und Berlin
Deutsche Verlags-Anstalt
1913

A translation of which is as follows:

Classics of art, in collection. Twenty-second volume. Murillo. Stuttgart and Berlin. German Printing Establishment. 1913.

On the reverse side of the third flyleaf is a reproduction of a self-portrait of Murillo, with the usual descriptive matter underneath in three languages.

On the fourth flyleaf is the following:

Der Verkauf dieses Werkes nach Frankreich ist untersagt. Eine französische Ausgabe erscheint im Verlage von Hachette & Cie., Paris.

Druck der Deutschen Verlags-Anstalt in Stuttgart. Papier von der Ersten Deutschen Kunstdruck-Papierfabrik Carl Scheufelen in Oberlenningen-Teck (Württemberg).

A translation of which is as follows:

The sale of this work to France is prohibited. A French edition is published by the publishing house of Hachette & Co., Paris.

Publication of the German Printing Establishment in Stuttgart. Paper from the First German Art Press Paper Factory of Oberlenningen-Teck (Württemberg).

The publications were claimed to be free of duty under paragraph 518 of the tariff act of 1909, which exempts books and pamphlets printed chiefly in languages other than English. They were assessed for duty under paragraph 416 providing for books of all kinds, bound or unbound, engravings, photographs, etc. The Board of General Appraisers affirmed the assessments, and the importer brings the case here for review.

The question is whether these sheets as imported constitute a book printed chiefly in languages other than English. In so far as the

pictures can be regarded as printing, it can not be said that they are printed in a foreign language. The appeal to the student of the old masters is in a language which is universal. The underwritten title of the picture, which is given in German, French, and English, simply identifies the picture, and in some instances the material or object on which the picture is painted is stated in German, and dates are given showing the probable time when the painting was executed. The printed matter appearing on the flyleaf tells no connected story. It is in the nature of an advertisement or descriptive title of the series.

The testimony shows that the book as imported is not the complete book as it is expected to be furnished to the trade. Before it is marketed it appears by the importers' testimony that there is to be added a preface. The extent of this preface is not stated. Presumably it is in the English language and evidently is regarded as of commercial importance, deemed necessary to make the book complete or marketable.

While the fact that the book is unbound does not remove it from this paragraph, its character as a book must be fixed before importation to bring it within its terms, and when we find that the book which is actually marketed in this country contains matter printed in English in connection with that in the foreign language we think the importer can not successfully maintain that the portion which he imported should be treated as a separate entity and as a complete book, when in fact it is not the complete book of actual use.

Had the book been complete when offered for importation in the form published in this country it would, as is fairly inferable, not have fallen within this paragraph, which speaks of books and pamphlets and not of parts of the same. True, the witness testifies that the preface is not an absolutely essential part of the work, as the imported sheets could be bound up without it. It may be said that the individual sheets might have a use as separate reproductions of paintings, but in neither case would the sheets in the aggregate or the individual sheets constitute the book intended for actual use. The question is whether something which might be bound up in the form of a book, but which is not designed for such use and which when completed for publication is taken out of the descriptive terms of the statute, may be treated as the book provided for in this paragraph, when it appears, as is fairly inferable, that had the book in its completed form been offered it would not be admitted, thus according to a part a character which the whole would not bear and opening the door to evasions.

This feature distinguishes this case from that of Macmillan Co. *v.* United States (116 Fed., 1018), as in that case had all the matter that finally appeared in the book been with it when offered for entry it would only have confirmed its character as a scientific book, while

in this case the matter to be added in this country fixes the character of the book as one not entitled to free introduction under paragraph 518. Had there been a provision for parts of books a different question would be presented. See Kraemer & Co. *v.* United States (5 Ct. Cust. Appls., 66; T. D. 34099). But in the absence of a provision for parts of books we do not feel justified in holding that a part which might, if a completed book, fall within the provisions of paragraph 518 can, before publication, be admitted free if, when completed as contemplated, it would not answer the descriptive terms of that paragraph.

It becomes unnecessary in this case to approve or disapprove the reasoning of the court in the Macmillan case, as the distinction between that and the instant case is clear.

For the reasons stated the decision of the board is *affirmed.*