ALBERT AND CHARLES BONI (INC.) *v.* UNITED STATES (No. 3391)[1]

United States Court of Customs and Patent Appeals, April 22, 1931

*William L. Wemple* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Peter A. Abeles* and *James R. Ryan*, special attorneys, of counsel), for the United States.

[1] T. D. 44853.

[Oral argument April 1, 1931, by Mr. Wemple and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported certain unbound pages of printed text and illustrations at the port of New York, which were classified by the collector as printed matter of *bona fide* foreign authorship under paragraph 1310 of the Tariff Act of 1922. The importer protested, claiming the goods to be free of duty as periodicals under paragraph 1625 of said act. The United States Customs Court overruled the protest, and the importers have appealed.

Illustrative Exhibit A consists of a series of the articles of importation. Each of these consists of about 20 pages of reading matter and illustrations, some of the illustrations being in colors, and all of which is devoted to art subjects. The pages are about 10 by 12 inches in size. The testimony shows that the importers publish in England a monthly magazine or periodical named "Studio." The pages in issue here are used in the "Studio," having covers added thereto and several pages of English advertising. When the pages are received here, the importer adds covers to them, a colored frontispiece, and from 16 to 32 pages of text and advertising matter, and issues them as a monthly magazine under the name of "Creative Art." There was no periodical known as "Creative Art" shown to have been published in England.

The material portions of the paragraphs in question are as follows:

PAR. 1625. Newspapers and periodicals; but the term "Periodicals" as herein used shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of entry, devoted to current literature of the day, or containing current literature as a predominant feature, and issued regularly at stated periods, as weekly, monthly, or quarterly, and bearing the date of issue.

PAR. 1310. * * * printed matter * * * if of bona fide foreign authorship, 15 per centum ad valorem; * * *

The court below held, under the decision of this court in *Kraemer* v. *United States*, 5 Ct. Cust. Appls. 66, T. D. 34099, that the articles of importation were not periodicals but parts of periodicals, and this question is argued earnestly before us. However, as we view the matter, that question need not concern us here.

Paragraph 1625 provides that the term "Periodicals," as used in the paragraph, "shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of the entry, * * * issued regularly at stated periods, * * * and *bearing the date of issue*." (Italics ours.) We have examined the five illustrative samples contained within collective Exhibit A, which are said to be typical of the articles of importation. At no

place do any of these samples bear the date of issue of the English periodical known as "Studio." Upon the lower margin of one of these exhibits appear these words: "Creative Art—April, 1928." In the two issues of Creative Art, which are also presented for our inspection, we find the same words, the name of the month being changed to agree with the month of issue. Aside from this the imported pages bear no date.

We are of opinion that this does not comply with the letter or spirit of the law. When the law provides that the imported publication shall bear the date of issue plainly it refers to the date of issue of such periodical in the foreign country from which it comes. When these pages were imported they bore upon them not such a date but the date of issue of a publication in the United States which had not yet been published. Obviously, the date was placed thereon to obviate the necessity of the same being printed after the pages arrived in the United States.

Therefore, even if the imported articles might be considered as periodicals, which we are not passing upon, the protestant has not brought itself within the purview of said paragraph 1625, and its protest was properly overruled.

The judgment of the United States Customs Court is *affirmed.*

HATFIELD, J., concurs in the conclusion.